Claimant is hereby awarded the sum of $318.20.

(No. 5262—

ST. MARY's HOSPITAL, DECATUR, OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, AN ILLINOIS CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 24, 1966.*

DOWNING, SMITH, JORGENSEN AND UHL, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

283

Dove, J.

St. Mary's Hospital, Decatur, of the Hospital Sisters of the Third Order of St. Francis, An Illinois Corporation, claimant, presented its statement to the Department of Public Aid for hospitalization services rendered one Flossie Barbetti for the period from February 11, 1965 to February 27, 1965. The Department of Public Aid had determined that the recipient was eligible to receive aid under its program of Assistance to the Medically Indigent Aged, but the Department denied the instant claim on November 18, 1965 on the basis that the claim was for services rendered prior to July 1, 1965, and that the appropriation for that biennium had lapsed. Thereafter, on December 9, 1965, a complaint in this matter was filed in the Court of Claims. It contains a request for payment of the sum of $612.00, representing charges for the hospital services furnished said Flossie Barbetti during the above mentioned period of time.

A Departmental Report was filed in this matter, and received in the Attorney General's office on January 14, 1966, which stated: "We admit claimant is justly entitled to the amount claimed." Thereafter a written stipulation was entered into between claimant and respondent by their respective attorneys, which found that claimant furnished services to the said Flossie Barbetti; that the reasonable and equitable charges for the services so provided by claimant amounted to the sum of $612.00; and, that claimant was entitled to be reimbursed in that amount.

This Court has repeatedly held that, where a contract has been (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contract was

entered into; and, (5) the appropriation for the biennium from which such claim could have been paid had lapsed, it would enter an order for the amount due. *Memorial Hospital of Du Page County, a Corporation,* vs. *State of Illinois.* It appears that all qualifications for an award have been met in the instant case.

Claimant is hereby awarded the sum of $612.00.